IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD GILLIARD<br>1129 Nottingham Way<br>Trenton, NJ 08609<br><br>       Plaintiff,<br><br>v.<br><br>BRICKFORCE STAFFING, INC. d/b/a<br>BRICKFORCE STAFFING SERVICES<br>841 South Clinton Ave.<br>Trenton, NJ 08611<br><br>       Defendant. | CIVIL ACTION<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Clifford Gilliard (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff initiates the instant action to redress violations by Defendant of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*), and the New Jersey Law Against Discrimination ("NJ LAD"). Plaintiff was unlawfully terminated by Defendant and he seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Brickforce Staffing, Inc. is a staffing agency with a location at the above-captioned address that places individuals into various production environments for work.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a black (African-American) male.

11. Plaintiff was employed with Defendant since in or about July of 2016 and had been assigned to various third-party facilities performing labor work, such as unloading trucks.

12. During the last approximate two months of Plaintiff's employment with Defendant, Defendant placed Plaintiff to work at International Intimates, in Dayton, New Jersey.

13. Towards the end of his employment with Defendant, Plaintiff began being subjected to racial discriminatory and hostile treatment by his co-workers, who (upon information and belief) were primarily Hispanic.

14. For example, Plaintiff was treated in a rude and condescending manner and subjected to degrading and derogatory comments about his race, including but not limited to being called a "nigger" on numerous occasions.

15. On several occasions in the weeks leading up to his termination from Defendant (discussed further *infra*), Plaintiff complained to Defendant's management including but not limited to Mya (last name unknown – Hispanic), a manager at Defendant, that he was being subjected to discriminatory treatment based on his race and that he wanted the same to cease.

16. Shortly before his termination from Defendant in or about December of 2016, Plaintiff also complained to Vicki (last name unknown - Caucasian), a manager at Defendant, about the aforesaid racial discriminatory treatment that he was being subjected to.

17. Plaintiff's aforesaid complaints of racial discrimination were ignored by Defendant's management and never properly investigated or resolved.

18. Instead of adequately investigating or resolving Plaintiff's aforementioned complaints of racial discrimination, Plaintiff was terminated from his employment.

19. The reason given for Plaintiff's pretextual termination from Defendant was that he was allegedly harassing his fellow Hispanic co-workers, which is completely inaccurate, as it was Plaintiff who was being harassed and discriminated against because of his race.

20. Following Plaintiff's termination, he reached out to Vicki to discuss his termination and again to express his concerns of race discrimination; however, Vicki did not respond to his concerns in any meaningful manner. Therefore, Plaintiff told Vicki that if his concerns could not be addressed by Defendant, he would be forced to reach out to an attorney and seek legal guidance. Vicki responded by telling Plaintiff "I don't give a f*** what you do."

21. Plaintiff believes and therefore avers that he was terminated for completely pretextual reasons and that the real reason for his termination was his race and/or his aforesaid complaints of race discrimination.

## Count I
### Violation of 42 U.S.C. Section 1981
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through demeaning and/or discriminatory treatment towards him (including being subjected to racial derogatory comments on a consistent basis).

24. Plaintiff complained to Defendant's management about the aforesaid racial discrimination that he was being subjected to; however, Defendant's management never properly investigated or resolved Plaintiff's concerns.

25. Instead, shortly after Plaintiff's last complaints of racial discrimination, he was informed by Defendant's management that he was being terminated for allegedly harassing his Hispanic co-workers, which is completely inaccurate.

26. Plaintiff believes and therefore avers that he was terminated by Defendants because of his race and/or in retaliation for complaining of race discrimination.

## Count II
### Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through demeaning and/or discriminatory treatment towards him (including being subjected to racial derogatory comments on a consistent basis).

29. Plaintiff complained to Defendant's management about the aforesaid racial discrimination that he was being subjected to; however, Defendant's management never properly investigated or resolved Plaintiff's concerns.

30. Instead, shortly after Plaintiff's last complaints of racial discrimination, he was informed by Defendant's management that he was being terminated for allegedly harassing his Hispanic co-workers, which is completely inaccurate.

31. Plaintiff believes and therefore avers that he was terminated by Defendants because of his race and/or in retaliation for complaining of race discrimination.

## Count III
## New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through demeaning and/or discriminatory treatment towards him (including being subjected to racial derogatory comments on a consistent basis).

34. Plaintiff complained to Defendant's management about the aforesaid racial discrimination that he was being subjected to; however, Defendant's management never properly investigated or resolved Plaintiff's concerns.

35. Instead, shortly after Plaintiff's last complaints of racial discrimination, he was informed by Defendant's management that he was being terminated for allegedly harassing his Hispanic co-workers, which is completely inaccurate.

36. Plaintiff believes and therefore avers that he was terminated by Defendants because of his race and/or in retaliation for complaining of race discrimination.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

G. Plaintiff is to receive a trial by jury as set forth in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 29, 2017